Mr. Justice Clayton
delivered the opinion of the court.
This was an action of replevin in the circuit court of Panola, for a crop of cotton, corn, potatoes, &c. raised on a particular plantation, which is claimed by both parties.
On the trial some evidence which was offered by the defendant was excluded, but no bill of exceptions was filed. Some of the charges asked by the defendant were refused, and so marked by the clerk; they are to be considered as if excepted to. There was also an exception to the refusal of the court to grant a new trial.
The crop was raised upon a plantation originally sold by S. B. Dickens to Smith & Glasscock, and by them transferred with the privity and assent of said Dickens to Edmund Y. Dickens. It was cultivated in part by slaves included in the same transaction, and to which E. Y. Dickens derived title in the same way. The slaves had also belonged to Samuel B. Dickens at one time. Some negroes belonging to the wife of S. B. Dickens assisted in the cultivation of the crop. Watson purchased the *614 crop from S. B. Dickens about the 1st of September, and gathered it with his own slaves. It is insisted that the conveyance to E. Y. Dickens, under which he claims, was fraudulent and void; also that it was'but a mortgage in effect, in consequence of a parol agreement with S. B. Dickens, and that he has no right to recover.
The jury found for the plaintiff. There was a good deal of conflict in the testimony, so much indeed that the mind could not perhaps repose with entire confidence and certainty upon a conclusion in favor of either party. But these matters were all before the jury, and it was their peculiar province to decide upon them. They had the witnesses before them, were probably acquainted with them, and knew what degree of credit to attach to their testimony. We do not feel authorized therefore to disturb their verdict, merely upon the consideration of the testimony.
This brings us to the review of the charges, which were refused.
The first is, “ that a purchaser from either the vendor or ven-dee of property fraudulently conveyed, has a good and valid title.” This proposition is too broad and unlimited. Any other than a bona, fide purchaser without notice, would stand in the same condition with the person of whom he purchased. The other two instructions are almost identical. They state the proposition, “ that a purchaser of mortgaged property from the mortgagor obtains a good title, subject to the lien of the mortgagee ; and if the mortgage be given as an indemnity to a surety for his suretyship, the lien does not attach until he pays the indebtedness.”
This charge was properly refused. • In the first place, it may be. remarked, that as this was a suit at law, no parol evidence ought to have been admitted to show a defeasance. It is only in equity that such evidence is admissible to show that an instrument, absolute on its face, is in reality a mortgage. At least this is the English rule, and that of a majority of the states in this Union, in opposition to the decisions in New York. Peques v. Mosby, 7 S. & M. 340; 3 Phil. Ev., Cow. & Hill’s notes, *615 1432; 1 Pow. on Mortgages, 121a. We ought not to reverse upon evidence, which we should say ought not to be admitted on the next trial.
In the next place, the proposition is much too broad. Certainly after the condition forfeited, the absolute ownership is vested in the mortgagee. A subsequent purchaser from the mortgagor would get nothing but an equity of redemption. At law, by the form of the conveyance, the mortgagee obtains at once the legal estate,, but in equity the mortgagor is considered the real owner until a decree of foreclosure. 4 Kent, 159. A purchaser with notice could get no more than the mortgagor was authorized to convey, and could set up no defence which the mortgagor might not have done. It is clear, then, that the lien of the mortgage attaches as soon ás it is executed, and overreaches all subsequent conveyances affected with notice.
In a case which grew out of the same transactions, decided at this term, we affirmed a judgment against E. V. Dickens, — Dickens v. Stancil. But there Stancil was a purchaser at two or three removes, from S. B. Dickens, and it was not shown that he had any notice of the right of E. V. Dickens. Here Watson purchased from S. B. Dickens himself, and. the jury might have found him affected by notice.
The affidavits on which the motion for a new trial were in fact founded, were .not sufficient for the purpose, because they do not show that the testimony might not have been obtained, before the first trial, by the exercise of reasonable diligence.
Judgment affirmed.